UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEAN R. KELLEHER,<br><br>                              Plaintiff,<br><br>        v.<br><br>THE KROGER COMPANY, doing<br>business as Kroger MTL Management,<br>LLC and FRED MEYER STORES,<br>INC., an Ohio corporation doing<br>business in Washington,<br><br>                              Defendant. | NO:  2:13-CV-3108-RMP<br><br>PROTECTIVE ORDER |

## I. PROTECTIVE ORDER

### 1. Scope and Purpose of This Order:

This Protective Order shall govern the designation and handling of protected

documents produced by any Party in discovery in this litigation, whether by

voluntary production or disclosure or in response to any formal discovery

procedure, including designation and handling of nonpublic information of a

confidential nature. This Protective Order does not affect any Party's obligations

PROTECTIVE ORDER ~ 1

under the Federal Rules of Civil Procedure to produce documents as required by

the rules of discovery or an order of the Court. The purpose of this Protective

Order is to facilitate the handling of nonpublic information of a confidential or

proprietary nature. If a designating Party files a "confidential" document (defined

below) in court and does not attempt to file it under seal, or if a document is

otherwise already part of the public record as of the entry of this Order, the

document(s) in question will not be subject to this Protective Order. The mere

filing of the "confidential" document by the non-designating Party does not

remove the document from the protection of this order. Although it is anticipated

that the Parties filing documents will comply with the terms of this Protective

Order, if a non-designating Party files a document marked "confidential" by the

non-filing Party, the non-filing Party may seek appropriate relief from the Court to

ensure protection under this order.

**2. "Confidential Material" includes:**

**a**.    Personnel records pertaining to any current or former employee

of any Defendant that contain personal, payroll or financial information. Good

cause exists to protect the privacy rights of Defendants' current and former

employees (if any) who are not Parties to this litigation. These files include these

individuals' personal identifying information and financial account information.

No public interest is served by requiring public disclosure of an individual's private and personal information in a matter in which he or she is not a Party.

      **b.**    Good cause exists to protect Defendants' confidential and proprietary business information, which provides it with a business advantage over its competitors. To the extent the documents relate to matters that Defendants take significant steps to protect in their daily operations, including through the use of non-disclosure and confidentiality agreements with its employees (if any), such information can be designated as confidential. No public interest is served by requiring Defendants to disclose information they strive to maintain confidential and proprietary in their business operations and which would harm their business operations if disclosed.

      **c.**    Medical records and healthcare information pertaining to Plaintiff, or any non-party, to the extent the information is discoverable. Good cause exists to protect the highly sensitive and private nature of all medical records from non-Party access. No public interest is served by making any medical records of Plaintiff or any non-Party publicly available.

      **d.**    Financial records of the Parties, including payroll records and other records reflecting wealth or earnings. Good cause exists to protect private financial records from non-Party access. No public interest is served by these records being publicly available.

**3. Standard for Protected Documents:**

Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes "Confidential Material" as defined above.

**4. Protected Documents:**

Protected document(s) are those that contain "Confidential Material" as defined above, and are marked "CONFIDENTIAL" by any Party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any Party or his or her counsel for any purpose unrelated to this case.

**5. Designating Protected Documents:**

    **a.**     **Marking Protected Documents:** Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner. Any records received from third parties by stipulation or through the discovery provisions of the Federal Rules of Civil Procedure that would in the good faith belief of Counsel constitute protected material can be

designated by a Party as "Confidential Material" as defined herein if such request is made reasonably promptly by letter.

        **b.**    **Designating Deposition Testimony:** Any Party who has designated a document as protected pursuant to Paragraph 2 of this Protective Order may designate testimony concerning that document as "Confidential Information" in a deposition by making a statement to that effect on the record at the deposition or other proceeding. When Confidential Information is designated on the record at a deposition, the Party claiming the testimony is Confidential shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "Confidential" and to separately bind such pages as a "Confidential" addendum. Absent stipulation of the Parties on the record at the deposition, it is subject to dispute as set forth in Paragraph 9.

        **c.**    **Subsequent Designation:** If a Party discovers that, through inadvertence, documents containing Confidential Information have been provided to the opposing Party without being properly designated under this Order, the producing Party shall promptly notify the receiving Party in writing of the error. The notification shall include an identification of the documents or information (by control number or some other specific form of identification), and the receiving Party shall affix a stamp identifying each document or item of information so

identified as "CONFIDENTIAL" unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

**6. Maintaining Designated Protected Documents:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

**7. Disclosure of Protected Documents:**

**a.** Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

**b.** The Parties' counsel shall require all persons, except those referred to in paragraph 7(c)(i), (ii), (iii), (v), (vi), and (viii), before being given access to any protected document, to read and agree to be bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

**c.** Protected documents may be delivered, exhibited, or disclosed to the following persons subject to the limitations of this Protective Order:

(i) Counsel representing the named Parties in this case and any paralegal, clerical, or other employee of such counsel assisting in the prosecution or defense of this litigation;

PROTECTIVE ORDER ~ 6

(ii) Any copying services hired by counsel to copy documents in bulk;

(iii) The Court or any Court personnel;

(iv) Any person testifying, attending a deposition, designated as a witness, or scheduled for a deposition who is not a Party or employee of a Party;

(v) Any person identified as having authored or having previously received the protected document(s);

(vi) The Parties and their client representatives, insurance carriers, and\or counsel for their insurance carriers for any purpose in this litigation;

(vii) Current or former employees or agents that a Party deems necessary to the presentation or defense of claims in this litigation;

(viii) A Mediator(s) retained by the Parties; or

(ix) Consulting experts or expert witnesses whose review a Party deems necessary to the presentation or defense of claims in this litigation.

**d.**     A Party that files with the Court materials designated as protected documents under Section 2 or any pleading or memorandum purporting to reproduce such information, and who seeks to have the record containing such

PROTECTIVE ORDER ~ 7

information sealed, shall submit to the Court a motion to seal, pursuant to Local Rule 7.1.

       **e.**      This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure, and except for good cause shown, such information need not be filed under seal when submitted to the Court.

       **8. Producing Party's Use of Protected Documents:** Nothing in this Protective Order limits a producing Party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any other documents that are subject to confidential designation made under the terms of this Protective Order.

       **9. Disputes as to Confidentiality Designation:**

       **a.**      **Meet and Confer Requirement:** The Parties agree to designate information as "Confidential" on a good faith basis and not for purposes of harassing the receiving Party's access to information concerning the lawsuit. If any Party believes that a document, tangible item or other information that has been designated as Confidential is not entitled to be treated as Confidential, the Party will notify the designating Party of its objection to the Confidential designation. The Parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within five (5)

business days after the objecting Party has provided written notice to the

designating Party of its objection.

      **b.**    **Motion for Protective Order:** If the objection is not resolved,

the objecting Party may file a Motion for an order permitting disclosure of any

matter the objecting party asserts was improperly identified as Confidential.

      **c.**    **Status Pending Resolution of Dispute:** Any disputed

document or other material must be treated as a protected document under this

Protective Order until entry of a Court order ruling otherwise.

**10.**    **Rights of Parties:**

This Protective Order is without prejudice to the right of any Party to apply

to the court for any further protective order relating to any confidential information

or for an order permitting disclosure of any confidential information beyond the

terms of this Protective Order.

**11.**    **Procedures upon Termination of Action:**

Within thirty (30) business days following any final settlement or the

running of any applicable time to appeal a final order entered in this litigation, all

parties shall either (i) return to the person who produced such materials all copies

of all protected documents obtained through discovery in this action or otherwise,

or (ii) certify to the person that all protected documents have been destroyed,

except that counsel for each party may retain in its files one copy of each pleading,

brief or document filed with the court, and deposition, trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Order.  Copies of protected documents that have been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of March 2014.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

PROTECTIVE ORDER ~ 10